IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LATISH TAYLOR-HILL                                                            PLAINTIFF

versus                                                    CIVIL ACTION NO. 2:04-cv-40-MTP

RUSTY KEYES                                                                    DEFENDANT

## OPINION AND ORDER

BEFORE THE COURT is the civil rights complaint of Plaintiff Latish Taylor-Hill filed pursuant to 42 U.S.C. § 1983.  The plaintiff is currently an inmate in the custody of the Mississippi Department of Corrections, serving a life sentence on a conviction of homicide.[1]  She is proceeding *pro se* and *in forma pauperis*.  This matter has been referred to the United States Magistrate Judge by consent of the parties to conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Having reviewed the complaint and considered applicable law and being fully advised in the premises, the court finds that the plaintiff has failed to state a claim on which relief may be granted and therefore that her complaint must be dismissed with prejudice.  The court further finds as follows:

On January 15, 1997, Rusty Keyes, a Hattiesburg police officer, arrested Hill on two charges of homicide–one for the November 1994 murder of her two-month-old stepdaughter and the other for the August 1996 murder of her infant son.  Hill was convicted of her son's murder in July of 1999.  In May of 2003, *nolle prosequi* was entered on the other charge.  In February of 2004, Hill brought this action charging the defendants with false arrest and malicious prosecution.[2]  According

---

[1] She is also serving fifteen years on a 1998 conviction of uttering forgery.

[2] By order entered April 7, 2004 [5], Hattiesburg Police Department and City of Hattiesburg were dismissed as defendants in this action.

to Hill, probable cause for the arrest and prosecution was lacking since the cause of her stepdaughter's death had been ruled as "crib death."[3]

Because the plaintiff is proceeding *in forma pauperis* in this action, her complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted."[4] By its review of the record of this case, the court is persuaded that it is required to dismiss the plaintiff's claims against Defendant Keyes. *See Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim).

Although a *pro se* litigant's complaint is to be liberally construed, the court is not allowed "to conjure up unpled allegations." *McFadden v. Lucas,* 713 F.2d 143, 147 n.4 (5th Cir. 1983). Even a *pro se* litigant must set forth facts giving rise to a claim on which relief may be granted. *Id.* at 146-47. To do this, the plaintiff must make more than conclusional assertions: She must allege specific facts as to specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). As to Defendant Keyes, the plaintiff wholly fails to make any allegation that rises to the level of a constitutional deprivation.

In her complaint, Hill explains that she is "basing [her] civil action on a malicious

---

[3] The foregoing facts are taken from the complaint, Hill's April 19, 2005 omnibus hearing testimony and *Hill v. State of Mississippi,* 797 So. 2d 914 (Miss. 2001) (affirming murder conviction and life sentence).

[4] Prior to its amendment in 1996, section 1915(d) specified that the court "may dismiss the case if...satisfied that the action is frivolous or malicious." Post-amendment 1915(e)(2) narrows the court's discretion but expands the bases for dismissal: "[T]he court shall dismiss the case at any time if the court determines that...(B) the action...(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

prosecution," states that "[her] civil action meets the six (6) elements of a malicious prosecution," and lists the elements.[5] While proof of each of those elements may suffice to establish liability on a claim of malicious prosecution arising under state law,[6] "[i]n this circuit, plaintiffs no longer allege a constitutional violation by satisfying the state law elements of malicious prosecution alone." *Izen v. Catalina,* 398 F.3d 363, 366 (5th Cir. 2005). This has been so since the Fifth Circuit's en banc decision in *Castellano v. Fragozo*: "We decide that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." 352 F.3d 939, 942 (5th Cir. 2003); *see also Haggerty v. Texas Southern Univ.,* 391 F.3d 653, 658 (5th Cir. 2004) (applying the *Castellano* rule and ordering dismissal of section 1983 malicious prosecution claim).

Because "[t]here is no longer a freestanding section 1983 claim for malicious prosecution in this circuit" Hill's claim against Keyes for malicious prosecution based on the allegation that he had no probable cause does not state a claim. *See Figgs v. Vrazel,* 106 Fed. Appx. 260, 261 (5th Cir. 2004)(affirming dismissal of malicious prosecution claim); *see also Izen v. Catalina,* 398 F.3d at 367 (affirming summary judgment on malicious prosecution claim "because Izen's complaint [did] not state a claim under the Fourth Amendment directly"); *Granger v. Slade,* 361 F. Supp. 2d 588, 593 & n. 2 (S.D. Miss. 2005) ("A claim against the City for malicious prosecution based on an allegation that the City initiated criminal proceedings...without probable cause does not state a claim.").

As to Hill's false arrest claim, she appears to equate the charge's having been nol-prossed in 2003 with lack of probable cause for the arrest in 1997: "On May 1, 2003, the case was dismissed

---

[5] In her omnibus hearing testimony, Hill identified as her "main complaint" that "it was a malicious prosecution and false arrest." Transcript at 2: 20-22.

[6] *See Bankston v. Pass Road Tire Center,* 611 So. 2d 998, 1004 (Miss. 1992); *McLaurin v. Werner,* 909 F. Supp. 447, 453 (S.D. Miss. 1995).

as a nolle prosequi for lack of evidence. Lt. Keyes had no probable cause to arrest me." [7] However, it is "firmly ensconced in circuit precedent"[8] that "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Scribner v. Dillard,* 141 Fed. Appx. 240, 243 (5th Cir. 2005)(citation omitted). To place her claim outside the "break in the causal chain doctrine,"[9] the plaintiff must "affirmatively show that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Shields v. Twiss,* 389 F.3d 142, 150 (5th Cir. 2004). As Hill has made no such showing, her bare conclusory allegation of lack of probable cause for her arrest cannot withstand application of the doctrine, and Keyes "cannot be held liable for unreasonable arrest...based on the absence of probable cause." *Id.*

Dismissal of a prisoner's suit for failure to state a claim is appropriate "if a complaint alleges the plaintiff's best case" so that "a further factual statement from the plaintiff" is not warranted. *Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir. 1999)(affirming dismissal with prejudice); *see also McCall v. Peters,* 74 Fed. Appx. 389, 390 (5th Cir. 2003)(affirming summary judgment on invalid warrant claim and stating that where plaintiff "has failed to support his bald assertion with any coherent legal or factual argument,...we will not construct any arguments or theories for him"). The plaintiff in this case has had the benefit of a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) to allow her to elaborate on her claims. After consideration of the complaint and the testimony of the plaintiff, this court concludes that the plaintiff has failed to state a viable section

---

[7] Complaint at ¶ III; *see also* Transcript at 7: 17-18 ("They nol-prossed it and there was no reason for him to arrest me."). In order to "ultimately prevail on [her] section 1983 false arrest...claim, [Hill] must show that [Keyes] did not have probable cause to arrest [her]." *Haggerty*, 391 F.3d at 655.

[8] *Fitch v. Morrow,* No. 05-20667, 2006 WL 2505211, at *2 (5th Cir. Aug. 30, 2006).

[9] *Fitch*, 2006 WL 2505211, at *2

1983 claim against Defendant Keyes.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff Latish Taylor-Hill's Complaint be DISMISSED with prejudice.

A separate judgment shall be entered herein in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED on this, the 7th day of November, 2006.

S/ Michael T. Parker
United States Magistrate Judge